```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION



HAZEL W. STEVENS, et al.,

        Plaintiffs,

vs.                                  CASE NO. 3:06-cv-920-J-33HTS

SAWYER MANAGEMENT COMPANY
LSC, et al.,

        Defendants.
_____
```

**O R D E R**

The Court is in receipt of several documents: a letter dated November 9, 2006, signed by Princess Diana King; four photographs presumably depicting some of the damage referred to in the complaint (Doc. #1; Complaint); and a handwritten note signed by Hazel Stevens "[a]pologiz[ing] for not getting these to [the Court] sooner" and explaining that "[d]elay [was] due to hospitalization."

Plaintiffs are reminded of Rule 3.01(f), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which provides, in part, that applications for relief, "unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like."

If Plaintiffs intend that these documents serve as their response to the Order (Doc. #5; Order) taking under advisement the request to proceed in forma pauperis, they are not sufficient. In the Order, the Court allowed "Plaintiffs . . . the opportunity to file an amended complaint[,]" Order at 4, and advised that "[t]he amended complaint should contain facts and allegations that adhere to the requirements of Rule 8(a), Federal Rules of Civil Procedure, including the need for 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Id.* Additionally, the Court stated "all Plaintiffs would need to submit a separate affidavit of indigency, if they are all indeed claiming that status[,]" *id.*, and that "[i]n lieu of such affidavits, of course, Plaintiffs may pay the required filing fee." *Id.*

Therefore, Plaintiffs shall have up to and including December 4, 2006, to respond to the Order. Failure to do so will result in a recommendation that this case be dismissed for failure to prosecute pursuant to Local Rule 3.10(a). The Clerk of the Court is directed to keep the received documents on file. However, future communications of this type may be stricken and/or returned to Plaintiffs.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of November, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

2

Copies to:

All counsel of record
    and pro se parties, if any