```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

HAZEL W. STEVENS, et al.,

    Plaintiffs,

vs.                              CASE NO. 3:06-cv-920-J-33HTS

SAWYER MANAGEMENT COMPANY
LSC, et al.,

    Defendants.

_____

### REPORT AND RECOMMENDATION[1]

Plaintiffs filed this suit on October 19, 2006, *see* Complaint Form (Doc. #1; Complaint), seeking to proceed *in forma pauperis*. *See* Affidavit of Indigency (Doc. #2; Petition), filed on October 19, 2006. However, as it did not appear Plaintiffs had stated a valid federal claim, the Court "determined the suit may be subject to dismissal." Order (Doc. #5; First Order), entered on November 7, 2006, at 1; *see also id.* at 3-4. It was also noted that "all Plaintiffs would need to submit a separate affidavit of indigency, if

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party/parties from a *de novo* determination by a district judge and from attacking factual findings on appeal.

they are all indeed claiming that status[,]" *id.* at 4, because only Plaintiff Hazel Stevens had moved to proceed *in forma pauperis*. *See* Petition. Accordingly, the Petition was taken under advisement and Plaintiffs were given an opportunity to file an amended complaint and additional affidavits of indigency. First Order at 4.

Instead, several documents were submitted: a letter dated November 9, 2006, signed by Princess Diana King; four photographs presumably depicting some of the damage referred to in the Complaint; and a handwritten note signed by Hazel Stevens "[a]pologiz[ing] for not getting these to [the Court] sooner" and explaining that "[d]elay [was] due to hospitalization." The Court, noting these documents were not a sufficient response to the First Order, gave Plaintiffs until December 4, 2006, to comply, warning that "[f]ailure to do so will result in a recommendation that this case be dismissed for failure to prosecute pursuant to Local Rule 3.10(a)[, Local Rules, United States District Court, Middle District of Florida (Local Rule(s))]." Order (Doc. #6; Second Order), entered on November 22, 2006, at 2. As of this date, Plaintiffs have not responded to the Second Order.

**RECOMMENDATION**

Accordingly, it is recommended this action be dismissed for failure to prosecute pursuant to Local Rule 3.10(a).

**DONE AND ENTERED** at Jacksonville, Florida, this 14th day of December, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Virginia M. Hernandez Covington
United States District Judge

All counsel of record
    and pro se parties, if any